UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNY R. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-CV-446 |
| ) | (PHILLIPS/GUYTON) |
| ) | |
| MICHAEL J ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff Kenny Fox's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 23]. The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $3,464.44 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

**I. BACKGROUND**

On February 24, 2012, United States District Judge Thomas Phillips issued a Memorandum Opinion [Doc. 21], remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

1

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

1. Plaintiff must be a prevailing party;

2. The Commissioner's position must be without substantial justification;

3. No special circumstances warranting denial of fees may exist;

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for EAJA attorney fees, and has thereby conceded that the Commissioner's position in this matter was not substantially justified. [Doc. 25].

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

**C. There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

**D. The Plaintiff's Request for an Award of Fees is Timely**

On March 24, 2012, Plaintiff moved for a total fee amount of $3,464.44.[1] [Doc. 23]. This motion was a proper application for fees [Docs. 24, 24-1] and was filed within 30 days of the final judgment in this matter.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

**E. The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has no opposition to Plaintiff's request for attorney fees and has conceded that the Plaintiff is entitled to $3,464.44 in attorney fees.

The Court has considered the amount requested, and the Court finds that the fees requested are reasonable.

---

[1] This total represents 0.60 attorney hours at $166.05 per hour in 2010, 17.4 attorney hours at $172.42 per hour in 2011, 0.70 attorney hours at $172.73 per hour in 2012, and 5.3 hours of paralegal time at a rate of $46.00 per hour.

3

**III. CONCLUSION**

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 23]** be **GRANTED**, and a judgment awarding Plaintiff the amount of **$3,464.44** for attorney fees be entered.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).